UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Andre R. Levesque

    v.                                  Civil No. 09-cv-437-JL

State of New Hampshire, et al.[1]


**O R D E R**

Andre Levesque has filed a "Motion to Amend Complaint" (document no. 30) and a "Motion to Amend Complaint and Objection to Report and Recommendation" (document no. 31). After consideration of these pleadings, I grant the "Motion to Amend Complaint" (document no. 30). I further grant the "Motion to Amend Complaint and Objection to Report and Recommendation" (document no. 31) to the extent that it seeks to addend the complaint with additional or clarified facts regarding claims previously approved by the Court, and the extent to which it seeks to add certain individuals to this action as defendants to those claims.[2] The "Motion to Amend and Objection to Report and

---

[1] In addition to the State of New Hampshire, Levesque has named the Concord Housing Authority as a defendant in this action.

[2] Levesque has more than twenty complaints pending in this Court. In a Report and Recommendation issued concerning fourteen of those cases, the Judge recommended consolidation of those further complaints into the above captioned case, 09-cv-437-JL.

Recommendation," (document no. 31), to the extent it is an objection, will be considered by the Court separately, along with any other objection filed, in reviewing the Magistrate Judge's May 12, 2010 Report and Recommendation.

The "Motion to Amend" (document no. 30), which seeks only to amend the relief sought, is granted. The "Motion to Amend and Objection to Report and Recommendation" (document no. 31) is granted to the extent it seeks to add to or clarify those claims in the original complaint that were identified as viable in the May 12, 2010 Report and Recommendation issued by Magistrate Judge Muirhead (document no. 21). Additionally, the factual allegations contained in the "Motion to Amend and Objection to Report and Recommendation" (document no. 31) give rise to claims against certain defendants not previously properly identified as defendants to claims that have been previously discussed and approved in the May 12, 2010 Report and Recommendation and Order directing service (document nos. 21 & 22). In Judge Muirhead's May 12, 2010 Report and Recommendation (document no. 21), he

---

In the Order issued simultaneously with that Report and Recommendation, Levesque was directed to file any amendment to his complaint in this case, 09-cv-437-JL. The motions to amend presently before the Court (document nos. 30 & 31), therefore will be docketed and considered only in this case. Objections to the Report and Recommendation will be docketed in each case in which Levesque has requested the objection be considered.

2

recommended dismissal of Levesque's claim #33, in which Levesque alleged that the conditions of his confinement at the Merrimack County House of Corrections ("MCHC") were unconstitutionally punitive, as he had not named any individual defendant to that claim.  Levesque has now named Nancy Gallagher, Emily Wyman, MCHC Grievance Officer Capt. Ward, and MCHC Capt. Hague as the individuals responsible for that violation of his rights. Accordingly, I will direct service of that claim against those individuals.

I direct as follows:

1.  The person previously identified in the complaint only as "Judy" is Judy Figueroa, who is added as a defendant to this action.  The Clerk's Office is directed to prepare and issue a summons for Figueroa at the Merrimack County House of Corrections, and to make service against Figueroa as to claims numbered 10, 12b, 13, 34, 35, and 49a in the May 12, 2010 Report and Recommendation (document no. 21).

2.  Emily Bryant, at SPU, is to be served with claims numbered 55, 56a, 64, and 71 in the May 12, 2010 Report and Recommendation (document no. 21).

3.  Gallagher, Ward, Wyman, and Hague are added as defendants to this action and I direct that service of the claim

numbered 33 in the May 12, 2010 Report and Recommendation (document no. 21), be made against them.

To the extent Levesque seeks in these pleadings to add any other defendants to this action, that motion is denied as Levesque has not, in the motions presently before the Court, adequately stated claims against any individuals other than as described above.

### Service

The Clerk's Office is directed to complete summons forms for Judy Figueroa, Nancy Gallagher, Emily Wyman, Capt. Ward, and Capt. Hague at the MCHC.  The Clerk's office shall then issue the summonses against those defendants and forward to the United States Marshal for the District of New Hampshire ("U.S. Marhsal's office") the summonses and copies of the complaint (document nos. 1, 5, 7, 10, 13, 19, 30 & 31), this Order, the Report and Recommendation and Order issued May 12, 2010 (document nos. 21 & 22), the Orders issued May 17 and 19, 2010 (document nos. 23 & 24), and the Motions to Amend (document nos. 30 & 31).  The claims going forward against Figueroa are identified as going forward against "Judy" in the May 12, 2010 Order and Report and Recommendation (document no. 21) and numbered 10, 12b, 13, 34, 35, and 49a therein.  The claim going forward against Gallagher, Wyman, Ward, and Hague, regarding Levesque's detention in

isolation at the Merrimack County House of Corrections is identified as claim 33 in the May 12, 2010 Report and Recommendation.

As to the claim now being served on Bryant, numbered 55, 56a, 64, and 71 in the May 12, 2010 Report and Recommendation (document no. 21), the Clerk's office is directed to serve the New Hampshire Office of the Attorney General ("AG"), as provided in the Agreement On Acceptance Of Service, copies of the complaint (document nos. 1, 5, 7, 10, 13, 19, 30 & 31), the Report and Recommendation and Order issued May 12 and the Order directing service (document nos. 21 & 22), the Orders issued May 17 and 19, 2010 (document nos. 23 & 24) and the Motions to Amend (document nos. 30 & 31).  Within thirty days from receipt of these materials, the AG will submit to the court an Acceptance of Service notice specifying whether or not Bryant has authorized the AG's office to receive service on her behalf.  When the Acceptance of Service is filed, service will be deemed made on the last day of the thirty-day period.

If Bryant does not authorize the AG's office to receive service on her behalf, or the AG declines to represent her, the AG shall, within thirty days from receipt of the aforementioned materials, provide Bryant's last known addresses.  The Clerk's office is instructed to complete service on Bryant in accordance

with this Order and Fed. R. Civ. P. 4(c)(3).  Defendants are instructed to answer or otherwise plead within twenty days of acceptance of service.  <u>See</u> Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on them by delivering or mailing the materials to them or their attorneys, pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Date:     July 1, 2010

cc:       Andre Levesque, pro se