**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Andre R. Levesque</u>


        v.                              Civil No. 09-cv-437-JL

<u>Rutland County Sheriff's
Department et al.</u>


### **O R D E R**

        Before the Court is a Motion to Dismiss (doc. no. 37), filed
by defendant Dr. John Eppolito.  Dr. Eppolito argues that he
should be dismissed from this action as a defendant because:
(1) he has not been properly served; and (2) plaintiff did not
expressly name him as a defendant in the complaint.  For the
reasons set forth herein, the motion is denied.


### **Background**

        Plaintiff has filed numerous civil actions in this Court.
All of the actions filed have undergone preliminary screening
pursuant to 28 U.S.C. § 1915A and United States District Court
for the District of New Hampshire Local Rule ("LR") 4.3(d)(2).
All of Levesque's cognizable claims have been consolidated into
the above-captioned action.  Among the claims remaining in the
action are claims against Dr. John Eppolito, a physician at the

New Hampshire State Prison ("NHSP"), alleging inadequate medical care for:  (1) failing to adequately examine Levesque; and (2) failing to adequately treat Levesque's skin condition, in violation of Levesque's Fourteenth Amendment right to receive adequate medical care while he was a pretrial detainee at the NHSP.

## Discussion

### I.   Service of Process

Dr. Eppolito files this Motion to Dismiss (doc. no. 37). First, Dr. Eppolito argues that he should be dismissed from this matter as he has not been sufficiently served.  In an Order issued May 12, 2010, the Magistrate Judge directed the United States Marshal for the District of New Hampshire ("U.S. Marshal's Office") to serve Dr. Eppolito.  Dr. Eppolito asserts that the U.S. Marshal's Office served an employee of the New Hampshire State Prison.  Dr. Eppolito is not a prison employee, but an employee of MHM Services, Inc., a private entity that contracts with the state to provide medical services at the New Hampshire State Prison.

Fed. R. Civ. P. 4(e) authorizes service upon an individual within a judicial district of the United States to be made by: (1) following state law for serving a summons; (2) delivering a

copy of the summons and complaint to the individual personally;
(3) leaving a copy of the summons and complaint at the
individual's place of abode with someone of suitable age; or (4)
delivering a copy of the summons and complaint to someone
authorized to receive service on the individual's behalf.  Fed.
R. Civ. P. 4(e).  None of these means of service were satisfied
in this case.  Service is not sufficient if left at an
individual's place of employment with someone not authorized to
accept service on the individual's behalf, as was the case here.

The appropriate remedy for this error in service, however,
is not to dismiss the action against Dr. Eppolito.  Instead, the
Clerk's Office is directed to complete a summons form for Dr.
Eppolito utilizing the following address[1]:

> Dr. John A. Eppolito
> Cottage Hospital Walk-In Clinic
> 90 Swiftwater Road
> Woodsville, New Hampshire

Once the summons is completed, the Clerk's Office shall issue the
summons against Dr. Eppolito and forward the summons and copies
of the complaint in this matter (doc. nos. 1, 5, 7, 10 & 13), the

---

[1]Should service not be possible at this address, Levesque
may have to obtain Dr. Eppolito's home address during the
discovery process, and request that service be made at that
address.  Of course, nothing in this Order prevents Dr. Eppolito
from accepting service through his attorney or agent, or
otherwise waiving formal service in accordance with Fed. R. Civ.
P. 4 if he so chooses.

Order and Report and Recommendation issued May 12, 2010 (doc. nos. 21 & 22), and the Orders issued May 17 and May 19, 2010 (doc. nos. 23 & 24) to the U.S. Marshal's Office to be served in accordance with Fed. R. Civ. P. 4(e).  See Fed. R. Civ. P. 4(c)(2).  Dr. Eppolito is instructed to answer or otherwise plead within twenty days of service.  See Fed. R. Civ. P. 12(a)(1)(A).


## II.  **Failure to Expressly Name Dr. Eppolito as a Defendant**

Dr. Eppolito next argues that none of Levesque's pleadings expressly identified Dr. Eppolito as a defendant, and that the Magistrate Judge issuing the Report and Recommendation identifying the claims raised in the action should not have identified Dr. Eppolito as a defendant where Levesque did not. Dr. Eppolito asserts that absent an express adoption of Dr. Eppolito as a defendant to this matter by Levesque, the action should not be construed to so include Dr. Eppolito.

Generally, "the title of the action shall include the names of all the parties."  Fed. R. Civ. P. 10(a).  However, "in a pro se case when the plaintiff names the wrong defendant in the caption or when the identity of the defendants is unclear from the caption, courts may look to the body of the complaint to determine who the intended and proper defendants are."  Trackwell v. U.S. Gov't, 472 F.3d 1242, 1243-44 (10th Cir. 2007); see also

4

Howe v. Polunsky Unit, 346 Fed. Appx. 981, 981 (5th Cir. 2009)
("A pro se prisoner's failure to name any legal entity as a
defendant does not warrant dismissal of the complaint when it is
clear from his complaint that there is a potential ground for
relief."); Glick v. Walker, 272 Fed. Appx. 514, 520 (7th Cir.
2008) (declining to uphold dismissal of pro se prisoner complaint
for failure to name proper defendant where allegations otherwise
state a claim).

      In the narrative of his pleadings, Levesque explicitly named
Dr. Eppolito as the individual who inadequately examined Levesque
at the Secure Psychiatric Unit of the New Hampshire State Prison,
failed to examine or even discuss Levesque's disabling skin
condition, and failed to provide any care or treatment for that
condition.  Levesque also stated that he filed administrative
grievances expressly naming Dr. Eppolito and describing the
alleged inadequacies in the care provided to him by Dr. Eppolito.
The Magistrate Judge, after evaluating Levesque's factual
allegations, construed the complaint to have intended to name Dr.
Eppolito as a defendant, despite the apparently inadvertent
omission of Dr. Eppolito's name from the caption of any of the
initial pleadings.  The Magistrate Judge was not wrong to do so.
See Trackwell, 472 F.3d at 1243-44.

Dr. Eppolito further argues that Levesque may have made a conscious decision not to include Dr. Eppolito as a defendant in this matter, and for that reason, Levesque should be required to expressly adopt the Magistrate Judge's inclusion of Dr. Eppolito as a defendant.  The Magistrate Judge's Report and Recommendation instructed that:

> The claims, <u>as identifed herein</u>, will be be considered to be the claims raised by Levesque . . . for all purposes.  If Levesque disagrees with the identification of the claims herein, he must do so by properly objecting to this Report and Recommendation within fourteen days of its issuance, or by properly moving to amend his complaint.

Report and Recommendation (doc. no. 21) at *40 n.19 (emphasis added).  Accordingly, by failing to object to the inclusion of claims against Dr. Eppolito, and by failing to amend his complaint to remove the claims construed against Dr. Eppolito, Levesque did express his intention to maintain those claims.  Dr. Eppolito was properly named as a defendant to this action.

## Conclusion

For the foregoing reasons, the Motion to Dismiss filed by Dr. Eppolito (doc. no. 37) is DENIED.  The Clerk's Office is directed to complete summons forms and issue the summons and

copies of the documents outlined above to the U.S. Marshal's Office as described in this Order.  The U.S. Marshal's Office is directed to make service on Dr. John Eppolito as described in this Order.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Date:  December 1, 2010

cc:  Andre Levesque, pro se
     Corey N. Belobrow, Esq.
     Martin P. Honigberg, Esq.
     Rose Marie Joly, Esq.
     Michael A. Pignatelli, Esq.
     Nancy J. Smith, Esq.