UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Andre R. Levesque

    v.                                                            Civil No. 09-cv-437-JL

State of New Hampshire et al.


**O R D E R**

Defendants[1] have filed "Joint Defendants' Motion with Incorporated Memorandum of Law in Support of Motion to Dismiss for Failure to Prosecute" (doc. no. 95). Defendants allege that because plaintiff has failed to keep the court or defendants apprised of his current address, he has thus failed to prosecute this case, such that dismissal is warranted.

I. **BACKGROUND**[2]

Levesque was committed to the custody of the New Hampshire Hospital ("NHH") by a civil commitment order issued by the state

---

[1] Defendants' motion states that the filing is by "[d]efendants jointly, through counsel for the Secure Psychiatric Unit of the New Hampshire Department of Corrections (hereinafter "SPU") and Kevin Stevenson, (jointly State Defendants) represented by the Office of the Attorney General." The court understands this to mean that the motion is filed on behalf of all of the defendants to this action, not just the State Defendants.

[2] The facts in this Order are gleaned from defendants' instant motion as well as facts appearing elsewhere in the record.

probate court in March 2010.  In November or December 2010, Levesque absconded from the NHH for approximately one month.

On January 31, 2011, Levesque notified the court that his then-current address was again at the NHH.  Court mail sent to Levesque addressed to the NHH on March 24, 2011, was returned to the court as undeliverable.  The defendants assert that to their knowledge, Levesque is not presently at the NHH.

Levesque was charged criminally with escape and pleaded guilty to that charge on April 6, 2011.  It does not appear that the negotiated plea agreement entered in that case included any period of incarceration to serve after the plea was entered.

Defendants have indicated that they obtained two possible Manchester, New Hampshire, addresses for Levesque:  one from the NHH on Bridge Street that Levesque had provided as his discharge address; and one from the Merrimack County Attorney's Office on Amherst Street that that office believed to have been valid at the time of Levesque's April 6, 2011, guilty plea.  Defendants have tried to contact Levesque by mail at each of those addresses but in both instances the mail was returned as undeliverable.

Levesque is under the guardianship of Paul Chudzicki, a court-appointed guardian from the New Hampshire Office of the Public Guardian.  Chudzicki has advised counsel for the State Defendants that Levesque's whereabouts are unknown, but the

Manchester Police Department has an "all points bulletin" out for him.  Chudzicki has a working cell phone number for Levesque. Counsel for the State defendants has asked Chudzicki to try to call Levesque and apprise him of the July 13, 2011, preliminary pretrial conference that has been scheduled in this matter. There is no information presently in the record as to whether Chudzicki has been able to make contact with Levesque.

## II. DISCUSSION

Pursuant to Fed. R. Civ. P. 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal orders states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits."  Accordingly, the court has the general authority to dismiss a lawsuit if it finds that plaintiff's actions, or the lack thereof, warrant such a sanction.  See Diaz-Santos v. Dep't of Educ., 108 F. App'x 638, 640 (1st Cir. 2004).  In Diaz-Santos, the court, evaluating the totality of circumstances in that case, focused particularly on the following factors in determining whether to dismiss the case:  (1) whether plaintiff prosecuted the claims diligently prior to her apparent abandonment of the lawsuit; (2) whether the court fairly warned plaintiff of its

inclination to dismiss absent diligent prosecution; and (3) whether the ramifications of the plaintiff's failure to prosecute "constituted misconduct 'sufficiently extreme to justify dismissal with prejudice.'" Id. (quoting Pomales v. Celulares Telefonica, Inc., 342 F.3d 44, 49 (1st Cir. 2003)).

While Rule 41(b) grants significant discretion to the court to determine when dismissal for want of prosecution is appropriate, the First Circuit has warned that "[b]ecause of the strong policy favoring the disposition of cases on the merits," the "drastic" remedy of dismissal should be reserved for particularly egregious circumstances. Colokathis v. Wentworth-Douglass Hosp., 693 F.2d 7, 9 (1st Cir. 1982); see also Pomales, 342 F.3d at 48 ("the sanction of dismissal with prejudice for want of prosecution is a unique and awesome one . . . appropriate in the face of extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance" (internal citation and quotation marks omitted)); Bachier-Ortiz v. Colon-Mendoza, 331 F.3d 193, 196 (1st Cir. 2003) ("In general, the sanction of dismissal for lack of prosecution is appropriate only when plaintiff's misconduct is serious, repeated, contumacious, extreme, or otherwise inexcusable.").

Defendants here allege that Levesque's present failure to notify the court of his address warrants dismissal of this action.  Defendants cite to United States District Court District of New Hampshire Local Rule 83.6(e), which requires parties to actions in this court to notify the Clerk's Office of any change in address or telephone number.

In a case in which defendants moved to dismiss a pro se plaintiff's case for failure to prosecute based on plaintiff's failure to notify the court of a change of address after he was released from custody, another court in this circuit has ruled that "[a]lthough [the court's local rule] requires pro se litigants to notify the Clerk of any change of address, and [plaintff] is in violation of this rule, a dismissal for failure to prosecute is not warranted where [plaintiff] has not yet failed to meet any other obligation to the court."  Sparks v. Dennehy, No. 08-11437-PBS, 2009 WL 6490086, *5 (D. Mass. Nov. 16, 2009) (citing Bachier-Ortiz, 331 F.3d at 195).  Defendants do not allege that Levesque has missed any court hearings or failed to meet other case-related obligations at this time, except that he failed to approve or disapprove defendants' proposed scheduling order, as he has not received it, due to his failure to supply the court with a current address.

Defendants point to the court's ruling in Dullen v. Grafton Cnty. Dep't of Corrs., No. Civ. 02-547-M, 2004 WL 102494, *1 (D.N.H. 2004), in support of their assertion that Levesque's present failure to notify the court of his change of address evinces an apparent intention to abandon.  In Dullen, however, the court noted that plaintiff apparently had, in addition to failing to provide an address, repeatedly initiated and then abandoned federal civil rights actions in the past and had previously had a case he brought in another district dismissed for failing to respond to an order to amend.  Further, the court found that plaintiff's failure to comply with discovery requests with which he had been served while in custody had prejudiced defendants' efforts to conduct proper discovery and forced the proceeding "to come to a halt."  Id. at *1-2.

This case is distinguishable on its facts.  Prior to Levesque's recent departure to parts unknown, he was, for over a year, sufficiently involved in the prosecution of this action to warrant a finding that he was interested in seeing the suit through.  His filings and attention to this case were so prolific, in fact, as to engender a request from defendants for

the court to enjoin certain filings by Levesque.[3]  See Motion for Protective Order filed July 13, 2010 (doc. no. 56).

   Levesque continued to file motions in the case until January 13, 2011, when he filed a motion for court-appointed counsel (doc. no. 92).  On February 3, 2011, Levesque filed a written notice of a change of address (doc. no 93), and he has not filed anything else since that date.  On March 24, 2011, the court mailed to Levesque notice that his motion for counsel had been denied.  The mail was returned to the court as undeliverable.  While several months have passed since mail sent to Levesque was first returned, the case has not yet suffered any resulting delay, much less a delay "measured in years," see Pomales, 342 F.3d at 48, to warrant a finding that the case should be dismissed.

   Defendants assert that to require them to continue to defend this case at this time will prejudice them by forcing them to expend scarce resources on a case that may not be pursued by plaintiff.  Defendants have attempted to contact Levesque to seek assent to their proposed scheduling order, but have been unable

---

[3] The court declined to enjoin Levesque's filings but relieved defendants of the obligation to reply to those filings unless specifically directed to do so by the court.  See Order granting in part and denying in part Motion for Protective Order issued Sept. 8, 2010 (doc. no. 80).

to do so.  Defendants now assert that if the court enters that scheduling order "defense counsel will be faced with the need to pursue further time consuming [sic] pointless activity," in sending discovery, filing motions to compel, and filing other motions that are not likely to be received or answered by Levesque, resulting in a waste of public resources.

Levesque's failure to provide this court with a correct address since February 2011 does give rise to concern regarding Levesque's interest in diligently prosecuting this action now that he has been released from criminal custody and been granted a conditional discharge from his civil commitment to NHH. Further, while the defendants have not at this time demonstrated any prejudice already suffered as a result of Levesque's present decampment, the court is cognizant of the defendants' interest in avoiding the expenditure of time and resources if, in fact, Levesque does not intend to continue to pursue relief in this court.

Finally, the court considers whether Levesque has been sufficiently notified of the risk of dismissal for his failure to provide a current address to the court that Levesque's continued failure to do so could express indifference to whether or not this case proceeds.  The court now finds that, to date, Levesque has not been specifically notified that his failure to continue

to prosecute this action diligently, and to keep the court apprised of a current address, would result in a dismissal on the merits under Fed. R. Civ. P. 41(b).

Considering these factors, the court finds that dismissal at this time is premature. Levesque has pursued this matter for most of its pendency, and has not failed to appear or failed to meet other procedural obligations. No delay has been caused by his failure to provide an address, and the case, at this time, does not bespeak behavior by plaintiff so drastic or egregious as to warrant dismissal under Rule 41(b).

### III. **CONCLUSION**

For the reasons stated above, the Joint Defendants' Motion with Incorporated Memorandum of Law in Support of Motion to Dismiss for Failure to Prosecute (doc. no. 95) is DENIED. The denial of the motion is without prejudice to the renewal of the request to dismiss for lack of prosecution should Levesque fail to comply with the following additional terms of this Order:

  1.  Plaintiff is directed to, within forty-five days of the date of this Order:

   a.  Notify the court in writing as to whether he intends to continue to prosecute this case; and

   b. Provide this court with a valid address at which he can receive correspondence from the court and defendants; and

   c. Either notify defendants' counsel of his consent to defendants' Rule 26 discovery plan, or provide a counter proposal to that plan.

 2. Levesque is advised that his failure to comply with any aspect of this Order, or failure to comply with all future deadlines and orders, as well as the procedural obligations inherent in prosecuting this case, may result in dismissal of the lawsuit.  See Fed. R. Civ. P. 41(b).

 3. The Preliminary Pretrial Conference, currently set for July 13, 2011, at 10:00 a.m., will be continued.  The hearing will be rescheduled upon plaintiff's compliance with the terms of this Order;

 4. The Clerk's Office is directed to send a copy of this Order to Levesque at the following addresses:

   a. # 07455
    New Hampshire Hospital
    APS Bldg. Unit D
    36 Clinton St.
    Concord, NH 03301

   b. # 07455
    New Hampshire State Prison
    Secure Psychiatric Unit
    P.O. Box 2828
    Concord, NH 03302

      c.    195 Bridge St., #7
            Manchester, NH 03101

      d.    326 Amherst St.
            Manchester, NH 03101

      e.    c/o Paul Chudzicki
            Office of the Public Guardian
            2 Pillsbury St., Ste. 400
            Concord, NH 03301

      f.    P.O. Box 24
            Ellenburg Center, NY 12934[4]

The Clerk's Office is further directed to forward this Order to any address of which it becomes aware that reasonably appears to be a valid address for Levesque.

5. Defendants are directed to provide the Clerk's Office with any address for Levesque that reasonably appears to be valid, not already listed above.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: June 30, 2011

---

[4] In his pleadings in this case, Levesque has repeatedly listed a post office box in Ellenburg Center, NY as his mailing address. Levesque owns 96 acres of property in that town upon which, he has stated in various pleadings in this case, is a residence where he intended to live after he was released from custody.

11

```
cc:   Andre Levesque, pro se
      Corey M. Belobrow, Esq.
      Martin P. Honigberg, Esq.
      Rose Marie Joly, Esq.
      Michael A. Pignatelli, Esq.
      Nancy J. Smith, Esq.
```